IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH'S DIVISION

| | | |
|---|---|---|
| WILLIAM W. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 11-6113-CV-SJ-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN,[1] Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING ALJ

Plaintiff William W. Hall ("Hall") seeks judicial review of the Commissioner's denial of his application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381, *et seq*. Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

Hall alleges he became disabled as of May 1, 2008 due to a back injury, asthma, and difficulties with his right hand, left foot, and left leg, and is therefore unable to engage in substantial gainful employment as a matter of law. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying SSI benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.[2]

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this suit.

[2] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the records supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. § 1382(a)(3)(A). To determine a claimant's eligibility for SSI, the Commissioner employs a five-step evaluation process.[3] *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a).

---

[3] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental

In the instant case, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. Plaintiff argues: (1) that the ALJ erred in evaluating his credibility; and (2) that the ALJ erred in assessing his RFC. For the reasons set forth below, the Court finds that the ALJ's credibility assessment and the ALJ's RFC assessment are based on substantial evidence of record.

**I.       The ALJ did not err in evaluating Plaintiff's credibility.**

Plaintiff argues the ALJ erred in evaluating his credibility. The ALJ's credibility finding must be affirmed if it is supported by substantial evidence of record. When assessing a claimant's credibility, "the ALJ must look to the claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions." *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). Credibility determinations are generally the province of the ALJ, and courts will defer to an ALJ's explicit credibility determination when it is supported by "a good reason." *Finch*, 547 F.3d at 935.

Here, the ALJ found that Plaintiff's alleged symptoms were not fully credible because: (1) Plaintiff did not receive the type of treatment one would expect from an individual who was totally disabled; (2) Plaintiff was less than forthcoming about his treatment; (3) Plaintiff's daily activities were not limited to the extent one would expect given the complaints of disabling symptoms and limitations; and (4) the ALJ observed that during the hearing Plaintiff did not demonstrate any difficulty concentrating, a symptom he alleged precluded him from performing

---

impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *King*, 564 F.3d at 979 n.2.

work.

First, the medical evidence supports the ALJ's finding. The evidence indicates that Plaintiff's treatment during the relevant period was limited to medication. R. at 15, 249-50, 280-81. *See Moore v. Astrue*, 572 F.3d 520, 525 (8th Cir. 2009) (holding that conservative treatments, which included the claimant's pain management through medication, were inconsistent with the claimant's alleged disabling pain). Additionally, the evidence indicates that Plaintiff has never used a TENS unit, has not seen a chiropractor, and his nurse practitioner opined that Plaintiff's condition was not severe enough to require surgery. R. at 15, 30-31, 235, 282. The evidence also shows that Plaintiff frequently failed to report back pain to his doctors or reported that he was feeling "better." R. at 273, 290. Furthermore, although Plaintiff argues that the ALJ did not consider the fact that Plaintiff stated in his disability report that he uses crutches and a cane, Plaintiff testified at the hearing that he did not use any assistive device to walk. These are all factors which detract from Plaintiff's credibility.

Second, the Court finds that Plaintiff's alleged symptoms are inconsistent with the medical evidence of record. *Moore*, 572 F.3d at 524 (holding that when assessing a plaintiff's credibility, the ALJ should consider "the absence of objective medical evidence to support the claimant's complaint"). Plaintiff's treating physicians never imposed any restrictions on Plaintiff. Moreover, Plaintiff's examinations, for the most part, were unremarkable. For example, a June 30, 2009 CT exam of Plaintiff's chest indicated that there was no pulmonary emboli and no abnormality of the mediastinal soft tissue, and an October 24, 2005 view of his chest indicated that his lungs were clear of active disease, his hilar structures were normal, and his diaphragms were well-defined and clear.

Finally, Plaintiff's daily living activities were inconsistent with his allegations of pain. *Routh v. Astrue*, 698 F. Supp. 2d 1072, 1080 (E.D. Ark. 2010) ("The extent of a claimant's daily activities is proper consideration in evaluating the credibility of her subjective complaints and in determining functional restrictions imposed by her impairments.") (citing *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009)). For example, the record indicates that Plaintiff lived alone, prepared his own meals daily, visited his mother, took his mother to run errands, and went shopping with his sister. Plaintiff argues the ALJ did not consider the he had a home health attendant assist him five days a week for over three hours a day, beginning in October 2010. This fact, however, considered in conjunction with all of the other inconsistencies present in the record is not enough to overturn the ALJ's decision concerning Plaintiff's credibility.

Accordingly, the Court finds the ALJ articulated sufficient reasons for discounting Plaintiff's credibility. Given the inconsistencies between Plaintiff's accounts of disabling impairments and the record evidence as a whole, the Court upholds the ALJ's credibility assessment.

### II. The ALJ properly assessed Plaintiff's RFC.

Plaintiff's next argument is that the ALJ failed to properly calculate his RFC. Plaintiff specifically argues that the ALJ erred because he: (1) did not include any limitation for Plaintiff's alleged depressive disorder; and (2) did not have sufficient medical support for his RFC assessment. The Court finds these arguments without merit.

RFC is defined as the most that a claimant can do despite his physical or mental limitations. 20 C.F.R. § 416.945(a); *Leckenby v. Astrue*, 487 F.3d 626, 631 n.5 (8th Cir. 2007). Incorporating all impairments and restrictions that he found credible, the ALJ determined that Plaintiff has the RFC to perform sedentary work except that he is limited to:

> Sitting, standing and walking for up to six hours in an eight-hour workday; lifting ten pounds frequently and up to twenty pounds occasionally; the claimant is subject to occasional postural limitations including bending, stooping, crawling, and crouching; the claimant cannot climb ladders, ropes, or scaffolds; the claimant can constantly handle; and must avoid exposure to chemicals, heat, wetness, dust, odors, fumes, gases, chemical environments, dangerous machinery and heights.

R. at 14-17.

First, the ALJ considered Plaintiff's alleged depressive disorder and found that Plaintiff's allegations of mental limitations were not entirely credible. As illustrated above, the ALJ did not err in discrediting Plaintiff's allegations. Moreover, the medical evidence supports the ALJ's RFC assessment in relation to Plaintiff's depressive disorder. Although the ALJ found that Plaintiff's mild depressive disorder was a severe impairment, no medical evidence suggested or supported any functional limitations on Plaintiff because of depression. Moreover, the medical records indicate that Plaintiff did not receive consistent treatment for his alleged mental impairments. *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000) (finding that an absence of consistent medical treatment tends to indicate a mental impairment is not severe). Furthermore, the record indicates that Plaintiff's medications significantly alleviated the symptoms of his alleged mental impairments. *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling."). Accordingly, the Court finds that the ALJ did not err in failing to include Plaintiff's alleged depressive disorder as a limitation.

Second, the Court finds that there is medical support for the ALJ's physical RFC assessment. To begin, the Court notes that Plaintiff's medical providers did not impose any physical restrictions on Plaintiff. Moreover, the medical records indicate that Plaintiff's back symptoms improved with medication. *Brown*, 390 F.3d at 540. Accordingly, the Court finds

that the medical evidence of record supports the ALJ's physical RFC assessment.

Finally, the Court finds that Plaintiff's argument that the ALJ should have ordered a consultative examination is without merit. "An ALJ need not order a consultative exam if the evidence in the record is sufficient to make a determination regarding disability." *Mance v. Shalala*, 16 F.3d 1228, at *1 (8th Cir. 1994) (unpublished opinion) (citing *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989)). There is no indication that the ALJ did not have enough evidence to make a determination regarding Plaintiff's disability status. Accordingly, the ALJ did not err in failing to order a consultative examination.

Here, the ALJ properly considered all the relevant evidence of record, including Plaintiff's medical history and subjective allegations, and formulated an RFC that incorporated only those impairments he found credible. Specifically, the ALJ considered medical evidence which indicated that Plaintiff's conditions were well-controlled with medication and medical records which illustrated the conservative nature of Plaintiff's treatment. Thus, the Court upholds the ALJ's determination of Plaintiff's RFC, finding that the ALJ's determination was based on substantial evidence of record. *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010).

## CONCLUSION

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

DATE: August 15, 2013              */s/ Greg Kays*
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT